**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1974-17T1

P.H.,

     Petitioner-Appellant,

v.

DIVISION OF MEDICAL
ASSISTANCE AND HEALTH
SERVICES and ATLANTIC COUNTY
BOARD OF SOCIAL SERVICES,

     Respondents-Respondents.

_____

Submitted January 8, 2019 – Decided January 24, 2019

Before Judges Hoffman and Suter.

On appeal from the New Jersey Department of Human Services, Division of Medical Assistance and Health Services.

SB2, Inc., attorneys for appellant (Laurie M. Higgins, on the briefs).

Gurbir S. Grewal, Attorney General, attorney for respondent Division of Medical Assistance and Health Services (Melissa H. Raksa, Assistant Attorney

General, of counsel; Jacqueline R. D'Alessandro, Deputy Attorney General, on the brief).

PER CURIAM

This appeal concerns a request made to the Division of Medical Assistance and Health Services (the Division) for Medicaid benefits. For the reasons that follow, we dismiss the appeal.

The following facts inform our review. In April 2000, the Surrogate's Court issued Letters of Guardianship to E.H., appointing him as guardian of the person and property of his brother, P.H., who the Chancery Division adjudged incapacitated in 1999. On his brother's behalf, E.H. applied to the Atlantic County Medicaid Long Term Care Unit (the LTCU) for Medicaid benefits. On June 14, 2017, the LTCU sent a letter to E.H. denying the request. On July 14, 2017, the LTCU sent a letter to Carneys Point Health Care Center (Carneys Point), where P.H. resides, confirming the denial of benefits.

On July 17, 2017, Future Care Consultants, the fiscal agent for Carneys Point, had P.H. sign a Designated Authorized Representative (DAR) form, naming Shana Akerman his DAR. As P.H.'s DAR, Akerman requested a hearing to challenge the denial of P.H.'s application for Medicaid benefits. The Division forwarded the request to the Office of Administrative Law (OAL) but later withdrew it, after appreciating that P.H. lacked capacity to sign the DAR and

that the request was also untimely. The Division sent a letter to Akerman explaining why it withdrew the hearing request. This appeal followed.

Appellant's brief argues the Division wrongly refused to transmit the request for a hearing to the OAL. However, this argument assumes Akerman possessed the requisite authority to request a hearing on P.H.'s behalf.

The Surrogate's Court appointed P.H.'s brother as his guardian in 2000, after P.H. was adjudicated incapacitated in 1999. The parties do not dispute this finding, nor do they argue that P.H. ever regained capacity to act on his own behalf. Therefore, P.H. could not legally designate Akerman as his DAR. Accordingly, Akerman lacked the proper authority to request the hearing on P.H.'s behalf. This responsibility lies with E.H. as guardian, who did not request one. See N.J.S.A. 3B:12-48 (granting the guardian power to file litigation on behalf of the ward). Thus, Akerman had no authority to act on P.H.'s behalf, including pursuing this appeal.[1]

For the same reason, we decline to address the remaining arguments raised in the petitioner's brief.

Appeal dismissed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[1] The Notice of Appeal identifies "Shana Akerman on behalf of P.H." as the person pursuing the appeal.

 A-1974-17T1